IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| William C. McKinnedy, III, | ) | |
| | ) | C.A. No.  6:10-2298-HMH-KFM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Ms. Brenda Kee-Lippe, 041334 Officer; | ) | |
| Sgt. Clark, A-2 Shift; Lt. G. Mackey; | ) | |
| Capt. Smith; C. Johnson; R. Miller; | ) | |
| T. Smith; Thompson; M. Jones; Ford; | ) | |
| D. Seward; J. Washington; J. McKaye; | ) | |
| C. Reynolds; J. Armstrong; A. Sellars; | ) | |
| P. Hough; A. Hardin; M. Coleman; | ) | |
| G. Potoka; O. Shaheed; Robert Ward; | ) | |
| D. Patterson; C. Long; Scarborough; | ) | |
| N. Hughes, Jr.; E. Rowe; C. Cannon; | ) | |
| S. Willis; B. Baker; H. McMaster; | ) | |
| J. Ozmint; Rollings; T. Mutakabbir; | ) | |
| J. Sligh, Jr.; R. Pittman, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and

Local Civil Rule 73.02 of the District of South Carolina.[1]  William C. McKinnedy, III

("McKinnedy"), a state prisoner proceeding pro se, brought this action pursuant to 42 U.S.C.

§ 1983, alleging that Defendants violated his constitutional rights.  Defendants moved for

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final
determination remains with the United States District Court.  See Mathews v. Weber, 423
U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of
those portions of the Report and Recommendation to which specific objection is made.  The
court may accept, reject, or modify, in whole or in part, the recommendation made by the
magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

summary judgment. Magistrate Judge McDonald recommends granting summary judgment in favor of Defendants.

McKinnedy filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that McKinnedy's voluminous objections are primarily non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, and merely restate his claims. The court, however, was able to glean three specific objections.

First, McKinnedy objects to the magistrate judge's determination that Defendants are entitled to summary judgment on his claim that many of his grievances were mishandled by prison officials. (Objections 3-5.) This claim, however, is not cognizable under § 1983 because state prisoners have no substantive constitutional right to engage in a prison's established grievance procedures. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Consequently, McKinnedy's first objection is without merit.

Second, McKinnedy objects to the magistrate judge's determination that Defendants are entitled to summary judgment on his claim that his constitutional rights were violated when he was required to wear a pink jumpsuit after he was convicted of exhibitionism and public

masturbation while incarcerated.  (Objections 5-6.)  McKinnedy complains that he was

subjected to "invidious discrimination" because prisoners who are incarcerated for crimes of a

sexual nature are not required to wear pink jumpsuits.  (Id. at 5.)  This argument misconstrues

the South Carolina Department of Corrections' ("SCDC") policy regarding pink jumpsuits.

Pursuant to the policy, inmates are required to wear pink jumpsuits based upon conduct that

occurs while they are incarcerated, not the nature of their underlying convictions.  (Def. Mot.

Summ. J. Ex. 4 (Sellars Aff. ¶ 4).)  Furthermore, to the extent McKinnedy challenges the policy

under the Equal Protection Clause, the court rejects his claim.  As this court has previously held,

the SCDC policy is reasonably related to legitimate penological interests because, among other

justifications, it protects female prison officials by identifying those inmates with a history of

sexual misconduct while incarcerated.  Govan v. Singleton, C/A No. 8:07-3789-MBS, 2009 WL

799649, at *3 (D.S.C. Mar. 24, 2009) (unpublished).

        McKinnedy further argues in his objections that he was improperly convicted of

exhibition and public masturbation and that his sentence was incorrectly calculated.  (Objections

8-14.)  The magistrate judge concluded that these claims are "barred by the doctrines of res

judicata and/or collateral estoppel" because they have been raised and rejected in previous

actions before this court.  (Report & Recommendation 8.)  McKinnedy objects to the magistrate

judge's determination, contending that the previous actions were dismissed without prejudice.

(Objections 8.)  This objection is without merit.  McKinnedy previously challenged his

conviction for exhibitionism and public masturbation in a § 1983 action filed September 17,

2008, McKinnedy v. Reynolds, C.A. No. 6:08-3169-HMH-WMC, and challenged his sentence

computation in a petition for habeas relief under 28 U.S.C. § 2254 filed March 23, 2006,

McKinnedy v. Faulkenberry, C.A. No. 6:06-641-HMH-WMC. The court granted summary judgment in favor of defendants in the § 1983 action and dismissed McKinnedy's habeas petition in the § 2254 action. Both dismissals were with prejudice. The court, therefore, agrees with the magistrate judge's determination that McKinnedy is barred from relitigating these matters here.

McKinnedy's remaining arguments in his objections merely restate his claims and are non-specific. The court has conducted a de novo review of McKinnedy's complaint and concludes that the magistrate judge has properly recited the facts and applied the law. Magistrate Judge McDonald thoroughly reviewed all of McKinnedy's claims and correctly concluded that Defendants are entitled to summary judgment. (Report & Recommendation 16.) McKinnedy has failed to set forth any arguments that cast doubt on the magistrate judge's recommendations, and the court will not address those issues a second time. Accordingly, after review, the court finds that McKinnedy's objections are without merit. Therefore, the court adopts the Report and Recommendation and incorporates it herein.[2]

---

[2] Defendants request that the court order, pursuant to S.C. Code Ann. § 24-27-200, that Plaintiff forfeit all or part of his earned work, education, or good conduct credits in an amount to be determined by SCDC because he has filed a frivolous claim. (Objections 5.) The court declines to do so.

It is therefore

**ORDERED** that Defendants' motion for summary judgment, docket number 90, is

granted.  It is further

**ORDERED** that McKinnedy's motion for all events, docket number 118, is denied as

moot.

　**IT IS SO ORDERED.**


　　　　　　　　　　　　　　　　　　s/Henry M. Herlong, Jr.
　　　　　　　　　　　　　　　　　　Senior United States District Judge

Greenville, South Carolina
March 13, 2012


**NOTICE OF RIGHT TO APPEAL**

　Plaintiff is hereby notified that he has the right to appeal this order within thirty (30)

days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate

Procedure.